**Richard C. HALL, Richard B. Hall and Anita Hall, Appellants**

v.

**SOUTHWESTERN PENNSYLVANIA WATER AUTHORITY, a municipal authority, and Department of Transportation of The Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2013.

Decided March 17, 2014.

Robert S. Wertkin, Pittsburgh, for appellants.

Kemal A. Mericli, Senior Deputy Attorney General, Pittsburgh, for appellee Pennsylvania Department of Transportation.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Richard C. Hall (Hall) and his parents appeal an order of the Court of Common Pleas of Fayette County (trial court) granting summary judgment to the Department of Transportation (PennDOT) in the Halls' action for damages for physical injuries Hall sustained in an automobile accident. Finding no error in the trial court's conclusion that PennDOT was immune from suit, we affirm.

On March 31, 2009, at approximately 7:00 a.m., Hall, then 17 years of age, was driving his truck eastbound on New Salem Road, a state highway in Fayette County. Hall encountered an isolated patch of ice on the roadway, causing him to lose control of his vehicle and crash into a tree. Hall sustained serious physical injuries in the accident. The source of the water that flowed onto the roadway and then froze was a broken water line owned by Southwestern Pennsylvania Water Authority (Water Authority).

The Halls filed suit against PennDOT and the Water Authority. In their complaint, the Halls asserted that the Water Authority was negligent because it knew or should have known its water main was hazardous and unsafe by reason of improper construction and maintenance. Complaint ¶ 8. The complaint also asserted that PennDOT had been negligent in its construction and maintenance of the drainage system at the point of the roadway where the accident occurred. Accordingly, the inadequate drainage allowed water and ice to accumulate on the road surface. Complaint ¶ 17.

After discovery, PennDOT and the Water Authority filed motions for summary judgment. The trial court denied the Water Authority's motion and granted PennDOT's motion.[1] In granting PennDOT's motion for summary judgment, the trial court held that the waiver of sovereign immunity for dangerous conditions of state highways did not apply because the water came from an artificial source and did not originate from PennDOT's property. Accordingly, sovereign immunity had not been waived. The Halls appealed.[2]

---

1. Following the trial court's denial of its motion for summary judgment, the Water Authority entered into a settlement agreement with the Halls.

2. This Court's standard of review of a grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Cochrane v. Kopko*, 975 A.2d 1203, 1205 (Pa.Cmwlth. 2009). Our scope of review is plenary and we apply the same standard for summary judgment as the trial court. *Id.*

On appeal, the Halls argue that the trial court erred because there is a genuine issue of material fact as to whether a dangerous condition existed on the roadway. The Halls contend that PennDOT's inadequate drainage system caused water and ice to accumulate on the roadway, which in turn caused the accident; therefore, the real estate exception to PennDOT's sovereign immunity should apply in the present case. PennDOT responds that because the allegedly dangerous condition, *i.e.,* the icy patch, was caused by a condition outside its realty, the real estate exception does not apply.

Preliminarily, we note that a grant of summary judgment is only appropriate where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Farabaugh v. Pennsylvania Turnpike Commission,* 590 Pa. 46, 52 n. 3, 911 A.2d 1264, 1267 n. 3 (2006). When reviewing a motion for summary judgment, the evidence is viewed in a light most favorable to the non-moving party. *Id.*

Commonwealth agencies are generally immune from suit, except where immunity has expressly been waived. Pa. Const. Art. 1, § 11.[3] The General Assembly has waived sovereign immunity for certain actions against the Commonwealth

for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

Section 8522(a) of the Judicial Code, 42 Pa.C.S. § 8522(a). Section 8522(b) of the Judicial Code sets forth the types of cases for which sovereign immunity has been waived, including the so-called real estate exception, which is at issue in this case:

(b) Acts which may impose liability.— The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

\* \* \*

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. § 8522(b)(4).

In construing the real estate exception, Pennsylvania courts have held that the "dangerous condition must derive, originate from, or have as its source the Commonwealth realty." *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception is strictly construed. *Id.* Whether a dangerous condition exists is a factual determination. *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992).

---

3. It states:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

*Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.*

Pa. Const. Art. 1, § 11 (emphasis added).

As noted by PennDOT, the Halls had to first establish that damages for Penn-DOT's alleged negligence would have been recoverable under the common law[4] or a statute creating a cause of action.[5] 42 Pa.C.S. § 8522(a). Assuming that the Halls could establish that damages for negligence would be recoverable at common law or under statute, they still have to prove that the real estate exception to sovereign immunity at 42 Pa.C.S. § 8522(b)(4) is applicable in this case. On this point, the Halls argue that there is a genuine issue of material fact as to whether the defective drainage system constituted a dangerous condition of the roadway because it caused an accumulation of water and eventually ice on the road surface. In support, the Halls cite the report of their expert, Ronald Eck, P.E., Ph.D., as proof that a dangerous condition existed. In his report, Eck concluded that the road's drainage system was inadequate and occasionally resulted in water pooling at the site of the crash, a condition Eck found unrelated to the Water Authority's broken water line. Eck further noted that the design of the roadway did not conform to accepted practice, causing a dangerous condition with respect to the drainage of water from any source.

Even viewing Eck's report in a light most favorable to the Halls as the nonmoving party, the record does not support a

waiver of sovereign immunity under the real estate exception. This Court's decision in *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa.Cmwlth. 1, 645 A.2d 1370 (1994), is instructive on the application of the exception in this case.

In *Mason & Dixon,* two tractor trailers collided when one of them lost control after hitting a cow that had wandered onto the highway through a hole in a fence owned and maintained by PennDOT. This court noted that a dangerous condition only falls within the real estate exception if it derives from the property; the exception does not apply if the condition of the property merely facilitates the dangerous condition. *Id.* at 1376 (citing *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989)). The Court held that PennDOT was shielded by sovereign immunity because a cow is not a dangerous condition *of* PennDOT's realty; PennDOT's deficient fence merely facilitated the cow's entry onto the roadway.

The present case is analogous to *Mason & Dixon.* The water that flowed onto the road and formed the ice originated from a break in the Water Authority's water line. It did not derive from the road itself. Assuming PennDOT's drainage system was inadequate, as the Halls allege, that deficiency only facilitated the pooling of the water. It did not create the icy patch

---

**4.** The common law elements of a cause of action in negligence are well known. There must be: (1) a duty recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure of the actor to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa.Cmwlth. 1, 645 A.2d 1370, 1373 n. 3 (1994).

**5.** Section 2002 of the Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 512. It states:

(a) The Department of Transportation in accord with appropriations made by the General Assembly, and grants of funds from Federal, State, regional, local or private agencies, shall have the power, and its duty shall be:

\* \* \*

(8) To mark, build, rebuild, relocate, fix the width of, construct, repair, and maintain State designated highways and transportation facilities and rights of way.

71 P.S. § 512(a)(8).

on the road. Thus, the trial court did not err in holding that the real estate exception to sovereign immunity was not applicable.

The Halls argue that *Mason & Dixon* is distinguishable. They contend that the ice originated from PennDOT's property because its inadequate drainage system caused the water, which flowed from the Water Authority's pipe, to pool on the highway. The Halls also cite two cases, *Steckley v. Department of Transportation,* 46 Pa.Cmwlth. 367, 407 A.2d 79 (1979), and *Lutzko v. Mikris, Inc.,* 48 Pa.Cmwlth. 75, 410 A.2d 370 (1979). In both cases this Court held that PennDOT was liable for property damage caused by an inadequate drainage of water on the highway which spilled onto adjacent land. The Halls argue that it is illogical to allow recovery for damages in that situation but not where an individual sustains personal injuries on the roadway itself.

The Halls' reliance on *Steckley* and *Lutzko* is misplaced. Those cases are distinguishable because they involved faulty drainage systems on Commonwealth roads that created significant runoff onto adjacent properties causing damage. The highway design was the direct cause of the property damage. By contrast, here, a faulty water line owned by a third party interfered with the highway's use, and there was no evidence that PennDOT had any knowledge of the water leak or ice prior to the accident.

For all of the foregoing reasons, we affirm the trial court's order.

### ORDER

AND NOW, this 17th day of March, 2014, the order of the Court of Common Pleas of Fayette County dated January 24, 2012, in the above-captioned matter is hereby AFFIRMED.