# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin Mitchell, :
               Appellant :
 :
          v. :
 :
Department of Corrections :
of the Commonwealth of : No. 1844 C.D. 2016
Pennsylvania : Submitted: May 19, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: August 24, 2017


Melvin Mitchell (Mitchell) appeals, pro se, from the Fayette County Common Pleas Court's (trial court) October 20, 2016 order granting the Commonwealth of Pennsylvania, Department of Corrections' (Department) Summary Judgment Motion (Motion). Mitchell presents two issues for this Court's review: (1) whether the Doctrine of Hills and Ridges applies to the real estate exception to what is commonly referred to as the Sovereign Immunity Act;[1] and (2) whether the trial court erred in requiring medical expert testimony when Mitchell's action is for ordinary negligence, not medical malpractice. After review, we affirm.

Mitchell is incarcerated at the State Correctional Institution at Fayette (SCI-Fayette). On January 9, 2013, Mitchell slipped and fell on ice which had accumulated on the sidewalk from a dripping awning gutter when exiting an SCI-Fayette dining hall. Mitchell sustained a broken ankle. Mitchell filed a grievance

---

[1] 42 Pa.C.S. §§ 8521-8527.

regarding the incident and his injury. The grievance and all subsequent appeals therefrom were denied. On December 9, 2014, Mitchell filed a complaint against the Department (Complaint) alleging a dangerous condition of flawed real estate and sidewalks and defective awning construction, and negligence for the improper care of his injury. Mitchell filed his certificate of merit on April 13, 2015, stating that expert testimony was unnecessary to establish the harm suffered. On July 28, 2016, the Department filed its Motion. On October 20, 2016, the trial court granted the Department's Motion. Mitchell appealed to this Court.[2]

In his Complaint, Mitchell is seeking relief pursuant to the real estate exception to sovereign immunity contained in Section 8522(b)(4) of the Sovereign Immunity Act. That Section prohibits the Commonwealth from raising a sovereign immunity defense to claims for damages caused by

> [a] **dangerous condition of Commonwealth agency real estate and sidewalks**, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in

---

[2]

This Court's standard of review of a trial court's order granting summary judgment is de novo and our scope of review is plenary. *Pyeritz v. Commonwealth, . . .* 32 A.3d 687, 692 ([Pa.] 2011). Under this standard, we may reverse a trial court's order only for an abuse of discretion or error of law. *Id.* In reviewing a trial court's grant of summary judgment, we consider whether any material issues of fact remain as to the necessary elements of the cause of action pleaded. *Id.*; Pa.[]R.C.P. No. 1035.2(1). Moreover, summary judgment is appropriate only when, after viewing the record in the light most favorable to the non-moving party and resolving any doubt regarding issues of fact against the moving party, it is clear that the moving party is entitled to judgment as a matter of law. *Id.*

*Pentlong Corp. v. GLS Capital, Inc.,* 72 A.3d 818, 823-24 n.6 (Pa. Cmwlth. 2014).

2

paragraph (5) [(relating to a foreseeable risk of which the department had written notice thereof)].

42 Pa.C.S. § 8522(b)(4) (emphasis added). Mitchell alleged that because of the Department's negligence in not fixing the awning, ice formed on the sidewalk that caused him to slip and fall. However, "[s]overeign immunity is only waived for damages arising out of **a negligent act where the common law or a statute would permit recovery if the injury were caused by a person not protected by sovereign immunity** and the cause of action falls under one of the specifically[-]enumerated exceptions to immunity." *Page v. City of Phila.,* 25 A.3d 471, 475 (Pa. Cmwlth. 2011) (emphasis added). The trial court found that since the Doctrine of Hills and Ridges would prevent Mitchell from recovering against the Department, he cannot meet the threshold requirement.

> The [D]octrine of [H]ills and [R]idges provides
>
>> that an owner or occupier of land **is not liable for general slippery conditions,** for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the **only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it** when it is in a dangerous condition.
>
> *Harmotta v. Bender, . . .* 601 A.2d 837, 841 ([Pa. Super.] 1992) (emphasis added) (quoting *Gilligan v. Villanova Univ., . . .* 584 A.2d 1005, 1007 ([Pa. Super.] 1991)). Thus, in order to recover for a fall on ice or snow, an injured party must prove the following factual elements:
>
>> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon;
>> (2) that the property owner had notice, either actual or constructive, of the existence of such a condition;

and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

> *Mahanoy Area Sch. Dist. v. Budwash, . . .* 604 A.2d 1156, 1158 ([Pa. Cmwlth.] 1992) (quoting *Rinaldi v. Levine, . . .* 176 A.2d 623, 625-26 ([Pa.] 1962)).

*Moon v. Dauphin Cnty.,* 129 A.3d 16, 23 (Pa. Cmwlth. 2015).

Mitchell argues that the trial court erred in applying the Doctrine of Hills and Ridges, and cites *Tonik v. Apex Garages, Inc.,* 275 A.2d 296 (Pa. 1971) to support his position. The *Tonik* Court held:

> **Proof of 'hills and ridges'** is necessary **only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community** . . . . Where . . . a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of 'hills and ridges' need not be established.

*Id.* at 298 (emphasis added).

Here, Mitchell's only timing allegation states: "When [Mitchell] left A-unit he experienced the temperature's chillness [sic] below freezing, less than 28 degrees; **he notice[d] there had been no recent or over[]night rain or snow**. [Mitchell] still looked where he placed each step, to avoid freezing precipitation that might be upon the walk-ways. . . ." Complaint at 2 ¶8 (emphasis added). That averment appears to raise an issue of fact (regarding whether the Doctrine of Hills and Ridges applies to the instant matter) that would preclude summary judgment. However, "[a]ssuming that [Mitchell] could establish that damages for negligence would be recoverable at common law or under statute, [he] still ha[s] to prove that the real estate exception to sovereign immunity . . . is applicable in this case." *Hall v. Sw. Pa. Water Auth.,* 87 A.3d 998, 1001 (Pa. Cmwlth. 2014).

"In construing the real estate exception, Pennsylvania courts have held that the 'dangerous condition must derive, originate from, or have as its source the Commonwealth realty.' *Snyder v. Harmon, . . .* 562 A.2d 307, 311 ([Pa.] 1989). The

4

exception is strictly construed." *Hall,* 87 A.3d at 1000. "[S]ubstances such as ice, snow, or debris on the real estate do not qualify . . . ." *Nardella v. Se. Pa. Transp. Auth.,* 34 A.3d 300, 305 (Pa. Cmwlth. 2011). "[T]he focus must be on whether there is proof of a defect in the real property itself." *Id.* at 304. Here, because Mitchell claims that an ice patch on the sidewalk rather than the sidewalk itself caused his fall, the real estate exception does not apply.

Moreover, despite Mitchell's allegations that the ice patch was caused by the Department's defective gutter,[3] he did not also claim, as is necessary, that the Department had notice of said defect or that the dangerous condition had existed for a length of time. Our Supreme Court has declared:

> 'Gutters along the edges of eaves will clog up from ice and snow and overflow under certain weather conditions. This is inherent in the nature of eaves and gutters, just as it is in roofs without them, and their maintenance could not ordinarily be held negligent.' To charge the owner or occupier with culpability in such a case it must not only appear that the condition existed for so long a time as to visit him with knowledge of it, but must also appear that the danger was sufficiently obvious that he should have realized that someone might be injured because of it.

*Hutchison v. Montgomery Ward & Co.,* 70 A.2d 838, 840 (Pa. 1950) (quoting *Richey v. Armor,* 141 A. 841, 841 (Pa. 1928)).

Because Mitchell failed to aver any facts that his fall was due to a dangerous condition of the sidewalk itself, and/or that the Department had notice of a defective gutter that caused a dangerous condition, the trial court properly granted the Department's Motion with respect to Mitchell's real estate exception claim.[4]

---

[3] Mitchell alleged the "[i]ce [] existed because of liquid that spilled off the awning, a substance which source had streamed through its gutter seams and created the hazard, and the dangerous conditions." Complaint at 2 ¶11.

[4] "An appellate court may affirm the trial court for grounds different than those relied upon by the trial court where other grounds for affirmance exist." *Phila. Fed'n of Teachers v. Sch. Dist. of Phila.,* 109 A.3d 298, 321 n.35 (Pa. Cmwlth. 2015), *aff'd,* 144 A.3d 1281 (Pa. 2016).

Relative to Mitchell's second issue, the trial court concluded that he could not proceed with his "medical malpractice" claim because Mitchell's certificate of merit stated that no medical testimony is necessary. Trial Court Op. at 4-5. Mitchell argues that he can proceed with his ordinary negligence claim despite his waiver of medical expert testimony in his certificate of merit because his claim is not a medical malpractice action.

Initially, Pennsylvania Rule of Civil Procedure No. (Rule) 1042.3(a) provides in relevant part:

> **In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard**, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. No. 1042.3(a) (emphasis added; notes omitted). In addition, Rule 1042.1(a) states in pertinent part: "The rules of this chapter govern a civil action in which a professional liability claim is asserted by or on behalf of a patient or client of

the licensed professional against (1) a licensed professional[.]" Pa.R.C.P. No. 1042.1.

Here, Mitchell averred:

On January 9, 2013, Plaintiff was and at all relevant times has remained under the instructions and commands of the [Department] through agents, staff, officials, and officers' custodian requisite to perform as described by the Department['s] . . . :

   a)    Mission Statement;

   b)    Administrative Directives;

   c)    Administrative Policies;

   d)    Designated Facility's Management; and

   e)    Designated Facility's Operations

to provide care and protection, for [Mitchell] and others; to keep safe by regiment of inspection to remove dangerous conditions that creates foreseeable risk at SCI[-]Fayette, and when neglect has produced harm to ensure relevant resources, proper medical standards, to effect recovery.

**[Mitchell's] suffering is compounded with the continuous mental distress that he must also endure, sustained when the series of proper *medical standards and care were neglected*, and continues to be negligible, by SCI[-]*Fayette medical staff*. A horrific culture of unaccountability rooted in the chain of command, [the Department's] responsibilities, to implement the series of applicable policies and directives. [Mitchell's] pain and suffering is predicated upon the [Department's] negligence to have put into effect such standards and to provide duly care, the protection of applicable Department . . . guidelines.**

Complaint at 6 ¶¶46-47 (italic and bold emphasis added). Thus, Mitchell is asserting both a medical malpractice action, i.e., a professional negligence claim against a licensed professional for deviating from an acceptable standard, and an ordinary

7

negligence claim against the Department for allegedly breaching its duty of care to him by not implementing policies and directives to insure proper care pursuant to the Department's guidelines.

Notwithstanding,

> [f]or a party to prevail in a negligence action, ordinary or professional, the elements are identical: the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages.

*Merlini v. Gallitzin Water Auth.,* 980 A.2d 502, 506 (Pa. 2009). Moreover,

> to prevail in a medical malpractice action, a plaintiff must 'establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm.' *Hightower-Warren* [*v. Silk,* 698 A.2d 52, 54 (Pa. 1997)]. **Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury**.

*Toogood v. Owen J. Rogal, D.D.S., P.C.,* 824 A.2d 1040, 1145 (Pa. 2003) (emphasis added). Accordingly, because Mitchell's certificate of merit stated that no medical testimony is necessary, the trial court properly concluded that Mitchell could not proceed with his medical malpractice claim; and since Mitchell did not allege any facts that the Department's failure to issue policies or directives breached a duty it owed to Mitchell which resulted in his injuries, the trial court properly granted the Department's Motion with respect to Mitchell's second claim.[5]

---

[5] *See Phila. Fed'n of Teachers v. Sch. Dist. of Phila.,* 109 A.3d 298 (Pa. Cmwlth. 2015).

8

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin Mitchell,                        :
                    Appellant          :
                                       :
          v.                           :
                                       :
Department of Corrections              :
of the Commonwealth of                 :    No. 1844 C.D. 2016
Pennsylvania                           :

## O R D E R

AND NOW, this 24th day of August, 2017, the Fayette County Common Pleas Court's October 20, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge