IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny L. Harer,                          :
                    Appellant            :
                                         :    No.  1216 C.D. 2020
          v.                             :
                                         :    Submitted:  September 20, 2021
Muncy School District                    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  October 20, 2021


          Denny L. Harer (Harer) appeals from the August 18, 2020 order of the
Court of Common Pleas of Lycoming County (trial court), granting the Motion for
Summary Judgment filed by Muncy School District (School District) and dismissing
Harer's complaint against the School District with prejudice.

          The facts are not in dispute.  Harer, a former wrestling coach at the School
District, filed a one-count complaint against the School District and two employees for
defamation, alleging that the School District's Superintendent defamed him during an
April 19, 2018 school board meeting during which the decision was made not to renew
Harer's contract.  The complaint alleged that during the meeting, the Superintendent
made defamatory statements including that (1) Harer inaccurately recorded an
individual's weight during a hydration test; (2) Harer was heard yelling expletives

toward referees in a match in 2009; (3) Harer did not provide written notification to School Administrators to file attendance of athletes at a tournament in 2014; (4) Harer confronted a School Board Member at a local event in 2015; (5) Harer inappropriately used chewing tobacco on school property and allowed individuals not approved by the Muncy School District Board of Directors to participate in organized wrestling activities; (6) Harer used inappropriate comments related to race, origin, gender, ancestry, and/or sex in 2015; (7) Harer violated School Board Policies and Procedures regarding coaching reputation in 2018; and (8) Harer was not in compliance with the Pennsylvania Interscholastic Athletic Association Sports Medicine Guidelines prohibiting the use of saunas and sauna suits and failed to report safe medical directives regarding the 72-hour safe athlete protocol for hypohydration. (Amended Complaint, ¶¶30-36; Supplemental Reproduced Record (S.R.R.) at 27b-29b.)[1]

After the pleadings were closed, Harer, who was represented by counsel, was served with nine Requests for Admissions (Requests), which asked him to admit that the statements made by the Superintendent at the Board meeting were true.[2] (S.R.R. at 6b-19b.) The Requests were served on March 9, 2020. Pursuant to Pa. R.Civ.P. 4014(b),[3] Harer was required to serve answers or objections to the Requests

---

[1] The Reproduced Record (R.R.) is attached to Harer's Brief, and a Supplemental Reproduced Record is attached to the School District's Brief. Neither party has numbered the pages as required by Pa. R.A.P. 2173. For ease of reference and clarity, the Court has done so, starting with the page immediately following Harer's Brief as page 1a, and the pages of the Supplemental Reproduced Record as page 1b.

[2] Truth is a complete and absolute defense to a civil action for defamation. *See Bob v. Kaybill*, 511 A.2d 1379, 1380 (Pa. Super. 1986) ("Truth is an absolute defense to defamation in Pennsylvania."); *see also Hepps v. Philadelphia Newspapers, Inc.* 485 A.2d 374, 379 (Pa. 1984).

[3] Pennsylvania Rule of Civil Procedure 4014(b) provides:
**(Footnote continued on next page…)**

within 30 days, or all of the Requests would be deemed admitted. Specifically, Harer's responses were due on April 9, 2020. Harer failed to respond to the Requests.

On May 26, 2020, the School District filed a motion for summary judgment pursuant to Pa. R.Civ.P. 1035.2, asserting that it is a local agency for the purposes of what is commonly known as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§8541-42, and is, therefore, protected by governmental immunity. While acknowledging that immunity will not apply when the act of an employee that caused the injury constituted a crime, actual fraud, actual malice or willful misconduct, the School District argued that in the defamation context, Pennsylvania courts have held that actual malice requires a demonstration that the allegedly defamatory statement was made with knowledge of its falsity or a reckless disregard of whether it was false. The School District argued that in failing to respond to the Requests, Harer admitted that the statements made by the Superintendent at the school board meeting were true; therefore, no outstanding issues of material fact remained that would preclude dismissal on summary judgment.

Harer filed a brief in opposition to the motion for summary judgment, arguing that he did not act in bad faith in failing to respond to the Requests. Rather, Harer asserted that the Requests were served in March 2020 and the COVID-19 pandemic had put the office of his counsel in disarray, with staff reduced from three active counsel and a full-time legal assistant to just one counsel. Harer conceded that

---

[e]ach matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney.

Pa. R.Civ.P. 4014(b).

he had yet to respond to the Requests but asserted that summary judgment was too extreme of a sanction for this failure to respond. He further argued that the School District had not been significantly prejudiced by his failure to respond as discovery remained open, and that any prejudice could be easily remedied by the submission of a response. (R.R. at 15a-20a.)

On August 18, 2020, following briefing and oral argument, the trial court granted the motion for summary judgment and dismissed the complaint in its entirety with prejudice. The trial court explained its reasoning as follows:

> [T]he Court notes that any matter admitted by failure to timely respond to a request for admissions, "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The Court notes that [Harer] has not petitioned the Court to withdraw or amend the admissions. Further, to date [Harer] has failed to serve any response to the [Requests] and has at no point provided that a response is being prepared along with an anticipated date of delivery. ***Had [Harer] controverted the allegations in the Request for Admissions through even an untimely service of responses, the Court would be disinclined to enter summary judgment***. However, the failure of [Harer's] counsel to take any proactive measures to address [the School District's Requests] in over five (5) months, even though such [Requests] are not extensive and go to the very heart of [Harer's] defamation claim, is indefensible, even taking into account the complications resulting from the Coronavirus pandemic.

(Trial ct. opinion, 8/18/20, at 5) (emphasis added) (footnotes omitted).

4

There is one issue on appeal:[4] whether the trial court abused its discretion and erred as a matter of law in granting the School District's motion for summary judgment. Harer argues that the "sanction" of dismissal with prejudice was too extreme. The School District, in response, contends that the trial court's grant of summary judgment was not a discovery "sanction" but was an appropriate remedy for Harer's failure to identify any genuine issues of material fact in response to the motion for summary judgment. The School District further argues that Harer has, for over a year now, failed to respond to the Requests or seek additional time to answer the Requests, and he did not file a motion to withdraw the deemed admissions.

Further, the School District contends that in response to the motion for summary judgment, Harer pointed to no other evidence of record suggesting that the allegedly defamatory statements were not true. A motion for summary judgment is proper "if there is no genuine issue of any material fact as to a necessary element of the cause of action." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

> [A] non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Ertel v. Patriot-News Co*., 674 A.2d 1038, 1042 (Pa. 1996).

Here, it is readily apparent from the record that Harer did not meet his burden of producing any evidence in response to the motion for summary judgment sufficient to show that there was a genuine issue of material fact as to whether the statements made by the Superintendent were truthful. First, by failing to respond to

---

[4] This Court's standard of review when reviewing a trial court's order granting summary judgment is "limited to determining whether the trial court committed an error of law or abused its discretion." *Hall v. Southwestern Pennsylvania Water Authority*, 87 A.3d 998, 999 n.2 (Pa. Cmwlth. 2014).

the Requests, which went to the very heart of Harer's defamation claim, the Requests were deemed admitted and conclusively established that the statements made by the Superintendent at the school board meeting were true. The Requests were served on March 9, 2020, a response was due on April 9, 2020, and when the School District filed its motion for summary judgment five months later, Harer still had not provided answers to the Requests. Therefore, pursuant to Rule 4014(b), all of the School District's Requests directed to Harer were correctly deemed admitted as a matter of law. *See* Pa. R.Civ.P. 4014(b). Further, as noted in the trial court's opinion, Harer never moved to withdraw said admissions.

Under Pennsylvania law, summary judgment may be appropriate based on admissions pursuant to a request for such admissions. In *Commonwealth v. Diamond Shamrock Chemical Co.*, this Court stated that facts admitted by a party "through its failure to respond to [the opposing party's] request for admissions" must be accepted as true. 391 A.2d 1333, 1337 (Pa. Cmwlth. 1978). Therefore, the facts established in a request for admissions may be relied upon for summary judgment purposes. *Id.* at 1336-37.

The School District's Requests directed to Harer were properly deemed admitted, as a matter of law, pursuant to Pa. R.Civ.P. 4014(b), and the trial court, applying the summary judgment standard, correctly concluded that Harer failed to meet his burden to demonstrate that material facts were in dispute as to the truth or falsity of the Superintendent's statements. Although Harer explains his attorneys were short-staffed due to COVID-19, five months passed without any answers to the Requests. Accordingly, the trial court's decision to grant the School District's motion for summary judgment based on Harer's admissions through his failure to respond to the Requests is amply supported by Pennsylvania law. Moreover, the record further

establishes that, notwithstanding his failure to respond to the Requests, Harer made no attempt to refute the allegations in the Requests by pointing to evidence, such as his affidavit or deposition testimony, to controvert his admissions that the Superintendent's statements were true and create a genuine issue of material fact sufficient to preclude the entry of summary judgment.

Certainly, the time during the beginning of the COVID-19 pandemic was a stressful and challenging period for many, including law firms. It is understandable that matters may have fallen through the cracks, and that requests for accommodation and consideration may be necessary in such times. Nonetheless, as the trial court reasoned, such explanations do not remain in perpetuity, and do not excuse the failure to make any attempt to remedy a clear deficiency long after it was discovered.

Accordingly, based on the established facts, we conclude that the trial court did not err in granting summary judgment in favor of the School District.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny L. Harer,
               Appellant

              v.

Muncy School District

:
:
:   No.  1216 C.D. 2020
:
:
:
:

## *<u>ORDER</u>*

AND NOW, this 20th day of October, 2021, the August 18, 2020 order of the Court of Common Pleas of Lycoming County is hereby AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge