# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lydell Walker, :
               Appellant :
  :
      v. :
  :
Superintendent Kevin Kauffman, :
Deputy Superintendent W.S. Walters; :
Activities Manager C. Frailey; :
Maintenance Manager C. Stone, :
Activities Specialist John Doe #1, :
and Maintenance Technician : No. 1161 C.D. 2021
John Doe #2 : Submitted: July 29, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: January 6, 2023

Lydell Walker (Walker) appeals, pro se, from the Huntingdon County Common Pleas Court's (trial court) September 20, 2021 order dismissing his pro se complaint against State Correctional Institution (SCI)-Huntingdon Superintendent Kevin Kauffman (Kauffman), Deputy Superintendent W.S. Walters (Walters), Activities Manager C. Frailey (Frailey), Maintenance Manager C. Stone (Stone),[1] Activities Specialist John Doe #1, and Maintenance Technician John Doe #2 (collectively, Appellees) (Complaint) as frivolous pursuant to Pennsylvania Rule of

---

[1] According to the Department of Corrections' (DOC) Office of General Counsel's May 27, 2022 Non-Participation Notice Letter, Walters's, Frailey's, and Stone's full names are: William Walters, Curtis Frailey, and Christian Stone. *See* May 27, 2022 Non-Participation Notice Letter at 1.

Civil Procedure (Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1).  Essentially, the issue before this Court is whether Walker's Complaint fails to state a claim upon which relief can be granted and, thus, is wholly frivolous.  After review, this Court affirms in part, and vacates and remands in part.

## Background

Until January 21, 2022, Walker was incarcerated at SCI-Huntingdon.[2] Walker mailed a Praecipe for Issuance of Writ of Summons (Praecipe) to the trial court to initiate a civil action against Appellees on or about January 6, 2021.[3] *See* Original Record (O.R.) Item 4, Petition for Relief from Judgment of Non Pros (Petition), Ex. A.  On January 11, 2021, the trial court notified Walker that in order to initiate his action, he must file a civil cover sheet and send a filing fee or an Application to Proceed In Forma Pauperis (IFP Application).  *See* Petition Ex. B. On January 17, 2021, Walker sent a civil cover sheet and his IFP Application to the trial court.  *See* Petition Ex. C.  The trial court docketed the Praecipe and IFP Application on January 25, 2021, and returned time-stamped copies thereof to Walker, which he received on January 28, 2021.  *See* Petition Ex. D.  On April 30, 2021, the trial court dismissed Walker's action pursuant to Rule 240(j)(2), because

---

[2] Walker was released on parole (Parole No. 132DO) on January 21, 2022.  Walker's parole status is publicly available through the DOC's Inmate/Parolee Locator.  *See* http://inmatelocator.cor.pa.gov (last visited January 5, 2023).

[3] Pennsylvania Rule of Appellate Procedure 121(f) states:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f).  According to the trial court, the envelope was postmarked January 6, 2021. However, the postmarked envelope was not included in the record the trial court submitted to this Court.  Walker's Praecipe is dated January 3, 2021.

Walker failed to file a complaint within 90 days of filing the Praecipe.[4] *See* Petition Ex. E.

On July 26, 2021, Walker filed the Petition, therein explaining that he never received an order disposing of the IFP Application or notice that the trial court issued a writ of summons, and describing his limited law library access, technical difficulties and the COVID-19 pandemic that critically impeded his ability to timely file the Complaint. *See* Petition at 2-6; *see also* Petition Ex. F, Correspondence History Log. Walker appended the Complaint to the Petition. *See* Petition Ex. G, Complaint.

Walker declared in the Complaint that while using the lateral pull-down machine in SCI-Huntingdon's covered yard weightlifting area on January 3, 2019, he sustained a serious injury to his lumbar spine when the metal cable suddenly detached from the lateral pull-down machine and the lateral bar struck him in the chest, causing him to lose his balance, and land forcefully on the concrete floor in a seated position. *See* Petition Ex. G, Complaint. Walker sought monetary damages pursuant to Section 1983 of the United States Code, 42 U.S.C. § 1983 (Section 1983), from all of the Appellees for violating his rights under the Eighth Amendment to the United States (U.S.) Constitution (Eighth Amendment), U.S. CONST. amend. VIII, based on their deliberate indifference to his health and safety (Counts I and II),

---

[4] Rule 240(j)(2) specifies:

> If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed in forma pauperis until the complaint is filed. If the complaint has not been filed within ninety days of the filing of the petition, the court may dismiss the action pursuant to [Rule 240](j)(1).

Pa.R.Civ.P. 240(j)(2).

and from Kauffman, Walters, Frailey, and Stone based on their negligence (Count III).[5] *See id.*

On September 20, 2021, the trial court granted the Petition,[6] and simultaneously dismissed the Complaint as frivolous pursuant to Rule 240(j)(1), effectively dismissing Walker's Section 1983 claim and his negligence claim. *See* O.R. Item 5. Walker appealed to this Court.[7]

By May 27, 2022 letter, the Department of Corrections' Office of General Counsel (DOC) notified this Court that although Kauffman, Walters, Frailey, and Stone are Appellees, they "will not participate in this appeal as the matter was dismissed by the [trial court] prior to service." May 27, 2022 Non-Participation Notice Letter at 1. On December 17, 2021, the trial court filed its

---

[5] Walker asserted that the lateral pull-down machine was a permanent fixture on DOC's real property. *See* Petition Ex. G, Complaint.

[6] In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (1925(a) Opinion), the trial court declared: "[Walker] submitted a properly supported [IFP Application], which was approved by this [trial c]ourt, and notice thereof was sent to [Walker]." O.R. Item 5, 1925(a) Op., at 2. However, the trial court docket included with the record submitted to this Court does not reflect that the trial court approved Walker's IFP Application or notified him. Further, because Rule 240(j)(1) specifies that a trial court may only dismiss an action as frivolous "prior to action upon the [IFP Application,]" Pa.R.Civ.P. 240(j)(1), this Court has ruled that a trial court errs when it grants an IFP application and thereafter dismisses a complaint under Rule 240(j)(1). *See LeBlanc v. Wetzel* (Pa. Cmwlth. No. 1172 C.D. 2021, filed Sept. 1, 2022); *see also Grosso v. Love*, 667 A.2d 43 (Pa. Cmwlth. 1995). Finally, Rule 240(j)(2) specifies that when "the petitioner commences the action by writ of summons, the court shall not act on the [IFP Application] until the complaint is filed." Pa.R.Civ.P. 240(j)(2). Accordingly, this Court treats the IFP Application as if the trial court had not acted upon it.

This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported opinions cited herein are cited for their persuasive value.

[7] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Walker filed an IFP Application in this Court, which this Court granted on December 21, 2021.

opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (1925(a) Opinion), wherein the trial court declared: "[T]he [trial c]ourt rests upon [its September 20, 2021] order and the reasoning set forth therein, and incorporates it by reference herein." O.R. Item 8, 1925(a) Op., at 1.

**Discussion**

Initially, Rule 240(j)(1) provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.Civ.P. 240(j)(1) (italics omitted). "An action is frivolous under [Rule 240(j)] if, on its face, it does not set forth a valid cause of action[.]" *Bennett v. Beard*, 919 A.2d 365, 367 (Pa. Cmwlth. 2007) (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)). "As we review [Walker's C]omplaint for validity under Rule 240[(j)(1)], we are mindful that a pro se complaint should not be dismissed simply because it is not artfully drafted." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009) (italics omitted); *see also Garcia v. Howell* (Pa. Cmwlth. No. 800 C.D. 2018, filed Aug. 23, 2019).

5

**Section 1983 Action - Eighth Amendment**

> In the Complaint Counts I and II, Walker

> contends that he has stated a claim for a violation of [Section] 1983. *See Owens v. Shannon*, 808 A.2d 607 (Pa. Cmwlth. 2002) (to state a claim under Section 1983, a plaintiff must: (1) allege a violation of rights secured under the [U.S.] Constitution or [U.S.] law[;] and (2) show that the alleged violation was committed by a person acting under color of state law).

*Bundy v. Beard*, 924 A.2d 723, 727 (Pa. Cmwlth.), *aff'd*, 941 A.2d 646 (Pa. 2007).

Specifically, Walker claims that Appellees violated his Eighth Amendment rights. "The Eighth Amendment, which applies to the [s]tates through the Due Process Clause of the Fourteenth Amendment [to the U.S. Constitution, U.S. CONST. amend. XIV], prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (citation omitted). Thus, despite that prisoners surrender numerous rights upon conviction and incarceration, they remain entitled to be free from the infliction of cruel and unusual punishment. Accordingly,

> the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. The [Eighth] Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]" *Hudson v. Palmer*, 468 U.S. 517, 526-[]27 . . . (1984).

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. "After incarceration, only the '"unnecessary and wanton infliction of pain"' . . . constitutes cruel and unusual punishment forbidden by the

6

Eighth Amendment." *Ingraham v. Wright*, [] 430 U.S. [651,] 670 . . . [(1977)] (quoting *Estelle v. Gamble*, [] 429 U.S. [97,] 103 . . . [(1976)] (citations omitted). To be cruel and unusual punishment, conduct that does not purport to be punishment at all[,] must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment.]

*Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In *Wilson*, the U.S. Supreme Court declared:

[O]nly the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, [*Estelle*, 429 U.S.] at 104 . . . (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 . . . (1976) (joint opinion) (emphasis added))[;] a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" . . . . [*Estelle*,] 429 U.S.[] at 106 . . . . "It is *only* such indifference" that can violate the Eighth Amendment, []*id*. (emphasis added); allegations of "inadvertent failure . . . ," *id*.[] at 105 . . . , or of [] "negligen[ce] . . . ," *id*.[] at 106 . . . , simply fail to establish the requisite culpable state of mind.

*Wilson*, 501 U.S. at 297.

This Court has observed:

In *Farmer* . . . , the [U.S.] Supreme Court concluded that the inquiry into whether a prison official was deliberately indifferent is a subjective one, requiring the demonstration of a state of mind akin to criminal recklessness,[8] and held

---

[8] Section 302(b)(3) of Pennsylvania's Crimes Code states:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

that a prisoner must establish that: (i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference. [*Id*.] at 837, 840 . . . . The [*Farmer*] Court also emphasized that the duty of a prison official under the Eighth Amendment is to ensure reasonable safety and that prison officials who respond reasonably to the alleged risk cannot be found liable under the Eighth Amendment, even where the measures taken by prison officials failed to abate the substantial risk. *Id*. at 844-[]45[.]

*Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1039-40 (Pa. Cmwlth. 2014) (footnote omitted). Notwithstanding, "Section 1983 actions against state officials in their official capacity that seek only monetary damages are [] barred, as such a suit against a state official in his official capacity constitutes [a] suit against the state itself." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018).

Here, Walker pled that he was entitled to monetary damages from Appellees because he was injured when the lateral pull-down machine - a permanent fixture of DOC's real property that Appellees were required to inspect, maintain, and repair - malfunctioned, caused him injury, pain and suffering, and prevented him from performing his usual and customary duties and occupation, to his financial loss and detriment.

The trial court concluded:

Assuming, *arguendo*, that [Walker's] submission of [the] incomplete [Praecipe] on January 6, 2021, was sufficient to satisfy the two-year statute of limitations applicable to his claim,[FN]3 he has not alleged facts sufficient to establish an Eighth Amendment claim.

An inmate asserting an Eighth Amendment claim for failure to prevent harm must prove that prison officials acted with "deliberate indifference" to "conditions posing

18 Pa.C.S. § 302(b)(3).

8

a substantial risk of serious harm" to that inmate. *Farmer* . . . , 511 U.S. [at] 834 . . . (citations omitted). Mere negligence is not enough to show deliberate indifference. Rather, the inmate must prove that the defendants' actions were "reckless," as defined by criminal law. *Id*. at 837, 839-40.

Here, [Walker] tries mightily to characterize [Appellees'] actions as arising from "deliberate indifference." However, it is clear on the face of the Complaint that he has alleged only ordinary negligence as opposed to criminal recklessness. Dismissal is therefore appropriate.

> [FN]3 *See* [Section 5524(2) of the Judicial Code,] 42 Pa.C.S. § 5524(2) (action to recover damages for "injuries to the person" must be filed within two years).

O.R. Item 5, 1925(a) Op., at 3-4 (footnote omitted).

This Court agrees with the trial court that Walker's Complaint fails to state a claim upon which relief may be granted under Section 1983. In addition, regardless of whether Walker asserted sufficient facts to support an Eighth Amendment violation based on deliberate indifference, accepting Walker's allegations against Appellees as true, he cannot succeed in his Section 1983 action in the first instance. Despite that Walker asserted in the Complaint that Appellees acted under color of state law, with deliberate indifference to his safety and violated his Eighth Amendment rights, *see Bundy*, "[b]ecause the [C]omplaint asserted only claims for money damages, [Walker's] claims against [Appellees] in their official capacity [] [do not] state a cause of action under Section 1983." *Watkins*, 196 A.3d at 275. Consequently, Walker's Section 1983 action is frivolous. Accordingly, the trial court properly dismissed Counts I and II of Walker's Complaint pursuant to Rule 240(j)(1).

**Negligence**

Although not addressed by the trial court,[9] in the Complaint Count III, Walker also sought monetary damages from Kauffman, Walters, Frailey, and Stone on the basis that they were negligent, careless, and reckless by:

> (a) failing to cause the cabled weight machines to be properly inspected to detect fraying of the cables and/or other signs indicative of impending structural failure;
>
> (b) failing to require the performance of regular and timely preventative maintenance of the weight machines, including replacement of the cables affixed to said machines prior to the breakage, snapping, fraying and/or other structural failure;
>
> (c) failing to develop and/or implement adequate safeguards to prevent the injury to [Walker]; and/or
>
> (d) being otherwise negligent, careless and reckless under the circumstances.

Petition Ex. G, Complaint at 10.

> This Court has explained:
>
> Pursuant to [a]rticle [I], [s]ection 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (footnote omitted).

> This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering "whether the . . . employee was acting within

---

[9] Rule 240(j)(1) does not expressly mandate or authorize the trial court to dismiss a complaint in its entirety when fewer than all of the counts or causes of action are deemed frivolous. Moreover, this Court has reversed and remanded a portion of a trial court's Rule 240(j)(1) dismissal order to allow the action to proceed as to defendants against whom potentially valid causes of action were alleged. *See Williams v. Syed*, 782 A.2d 1090 (Pa. Cmwlth. 2001).

the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity."

*Id.* at 122 (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)); *see also* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, commonly known as the Sovereign Immunity Act (Act).

> Thus, "[t]o impose liability on a Commonwealth party, (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of [the Act]. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)). [Walker], therefore, bore the "initial burden" of setting forth a claim for negligence against [Appellees] where damages would be recoverable under the common law or a statute creating a cause of action. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether [Walker] would have an action in damages at common law or statute if [Appellees] could not claim the defense of governmental or sovereign immunity.").

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021)[10] (footnotes omitted).

In order to satisfy the first immunity waiver requirement, there must be a cause of action involving negligence recognized at common law or by statute. *See Young*. This Court has explained: "To state a negligence claim, 'the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'" *Id.* at 289 (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). "The [] duty of care a Commonwealth agency owes to those

---

[10] This Court ordered *Young*'s publication on July 8, 2021.

11

using its real estate, is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used[,] or reasonably foreseen to be used." *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989).

Here, Walker claims that DOC employees Kauffman, Walters, Frailey, and Stone owed him a duty of care, they breached that duty by failing to inspect, maintain, and repair the lateral pull-down machine under their care, custody and control, and he was injured and sustained damages as a result. Because Walker pled a cause of action recognized at common law or by a statute, he met the first immunity waiver requirement.

In order to satisfy the second immunity waiver requirement, the action must fall within one of the exceptions listed in Section 8522(b) of the Act. *See Young*. Here, Walker alleges in the Complaint that the lateral pull-down machine was "a permanent fixture of the real property" under Appellees' control. Petition Ex. G, Complaint at 4; *see also* Complaint at 10. Section 8522(b)(4) of the Act expressly waives sovereign immunity for negligence claims against Commonwealth employees relative to, *inter alia*, "Commonwealth real estate . . . -- A dangerous condition of Commonwealth agency real estate . . . , including Commonwealth-owned real property . . . ." 42 Pa.C.S. § 8522(b) (emphasis omitted).

Because the General Assembly's intent in the Act is to shield government from liability except as specifically provided in the statutes, *see U.S. Venture, Inc. v. Commonwealth*, 255 A.3d 321 (Pa. 2021), "the exceptions to sovereign immunity must be strictly construed and narrowly interpreted[.]" *Casteel v. Tinkey*, 151 A.3d 261, 273 (Pa. Cmwlth. 2016). "In construing the real estate exception, Pennsylvania courts have held that the 'dangerous condition must derive, originate from, or have as its source the Commonwealth realty.'" *Hall v. Sw. Pa. Water Auth.*, 87 A.3d 998, 1000 (Pa. Cmwlth. 2014) (quoting *Snyder*, 562 A.2d at

12

311). "[T]he focus must be on whether there is proof of a defect in the real property itself." *Nardella v. Se. Pa. Transp. Auth.*, 34 A.3d 300, 304 (Pa. Cmwlth. 2011).

In the instant matter, Walker has pled that the lateral pull-down machine was a permanent fixture of Commonwealth realty such that the action may fall under the real property exception in Section 8522(b)(4) of the Act.[11] Thus, it appears that Walker's Complaint could satisfy the second immunity waiver requirement. Although this Court offers no view on the merits of Walker's

---

[11] Although decided pursuant to the portion of the Judicial Code commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541-8542, which is applicable to local (rather than state) government agencies and employees, this Court has determined that inmates may be able to state valid negligence claims for injuries sustained when prison equipment malfunctions. *See Davis v. Brennan*, 698 A.2d 1382 (Pa. Cmwlth. 1997) (wherein this Court reversed a trial court order entering summary judgment in the county's favor because a substantial issue of material fact existed regarding whether the grab bar in a county prison shower that broke free and caused the inmate to hit his head was part of the real estate, and remanded for the trial court to determine whether the shower was so affixed to the county prison real estate as to be real property itself). "[The] 'real property exception' to governmental immunity [under the Tort Claims Act] includes articles of personal property or chattels which have been affixed to real property so as to become realty itself-namely, fixtures." *Id*. at 1383; *see also Brewington v. City of Phila.*, 149 A.3d 901 (Pa. Cmwlth. 2016), *aff'd*, 199 A.3d 348 (Pa. 2018). "'A fixture is an article in the nature of personal property which has been so annexed to the realty that it is regarded as part and parcel of the land.' *Gore* [*v. Bethlehem Area Sch. Dist.*], 537 A.2d [913,] 915 [(Pa. Cmwlth. 1988)] (quoting Black's Law Dictionary 574 (5th ed. 1979))." *Brewington*, 149 A.3d at 908 n.7. The *Brewington* Court explained that personal property "so annexed to the [real] property that [it] cannot be removed without material injury to the real estate or to [itself] . . . [is] realty, even in the face of an expressed intention that [it] should be considered personalty[.]" *Id*. at 909 n.8 (quoting *Blocker v. City of Phila.*, 763 A.2d 373, 375 (Pa. 2000)). Moreover, "while the question of whether . . . allegations of negligence concern real property or personalty is a question of law for the court to decide, it is well settled that . . . whether a defendant's negligence caused the plaintiff's injury is a question of fact to be decided by a jury." *Id*. at 911. In the instant matter, the trial court did not address Walker's negligence claims, let alone determine the viability of Walker's fixture theory under the Act.

Although this Court does not herein decide whether the fixture theory applies to negligence actions brought against Commonwealth agencies/employees under the Act's real estate exception, we observe that this Court has concluded that DOC cell bars are fixtures of Commonwealth real estate that could implicate the Act's real property exception. *See Gallagher v. Bureau of Corr.*, 545 A.2d 981 (Pa. Cmwlth. 1988). Further, where, as here, the immunity exceptions are similar, this Court has considered the reasoning in Tort Claims Act real estate exception cases when deciding real estate exception cases under the Act. *See id*.; *see also Snyder*.

negligence claims against Kauffman, Walters, Frailey, and Stone, we cannot conclude that Walker's allegations on their face "lack[] an arguable basis either in law or in fact" and, thus, are frivolous. Pa.R.Civ.P. 240(j)(1) Note (quoting *Neitzke*, 490 U.S. at 326). Because Walker's Complaint may have stated a valid negligence claim not barred by sovereign immunity, the trial court erred by dismissing Walker's negligence action pursuant to Rule 240(j)(1).

## Conclusion

For all of the above reasons, the portion of the trial court's order dismissing Counts I and II of Walker's Complaint is affirmed. The portion of the trial court's order dismissing Count III of the Complaint is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.


_____
ANNE E. COVEY, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lydell Walker,
            Appellant             :

         v.                  :

Superintendent Kevin Kauffman,    :
Deputy Superintendent W.S. Walters;   :
Activities Manager C. Frailey;       :
Maintenance Manager C. Stone,      :
Activities Specialist John Doe #1,     :
and Maintenance Technician        :   No. 1161 C.D. 2021
John Doe #2                      :

## O R D E R

AND NOW, this 6th day of January, 2023, the portion of the Huntingdon County Common Pleas Court's (trial court) September 20, 2021 order dismissing Counts I and II of Lydell Walker's (Walker) pro se Complaint is affirmed. The portion of the trial court's order dismissing Count III of Walker's Complaint is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge